## Heffron v. Knickerbocker et al., Executors and Trustees.

1. RES ADJUDICATA—*Partnership Affairs.*—Where the fact that a partnership exists between parties litigant is determined by a court of competent jurisdiction, such determination become *res adjudicata,* and is binding upon the parties affected by it in subsequent litigation where the same question arises.

**Memorandum.**—Chancery proceedings. Partnership matters. Appeal from the Superior Court of Cook County ; the Hon. WILLIAM G. EWING, Judge, presiding. Heard in this court at the October term, 1893, and affirmed. Opinion filed February 1, 1894.

The statement of facts is contained in the opinion of the court.

OSBORNE BROS. & BURGETT, attorneys for appellant.

JOHN S. COOPER and REMY & MANN, attorneys for appellees.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This is an appeal from a decree of the Superior Court of Cook County, adjudging a dissolution of partnership and directing a sale of partnership assets, in order to wind up the partnership.

It was decided by this court in Heffron v. Gore, 40 Ill. App. 257, that a partnership between the parties existed, and that Gore was entitled to a winding up of the partnership. The question is, therefore, *res adjudicata,* and not open for discussion.

The new evidence does not materially affect the facts as they existed when the case referred to was decided.

It is perfectly manifest that the only way in which the partnership affairs can be wound up, the creditors paid, and the interest of the respective parties adjusted, as between themselves, is by a sale of the partnership assets. There are no new principles of law involved rendering it at all

necessary to set forth the facts afresh. Enough concerning them appears in the opinion of the court in Heffron v. Gore, *supra*.

The errors assigned, except such as refer to the main question of the partnership, and a winding up of its affairs, apply merely to the details of the decree, and, not affecting the substantial merits of the controversy, are deemed as too unimportant for discussion.

The decree of the Superior Court will therefore be affirmed.